(173 App. Div. 541)

### GARDNER v. GARDNER et al.

(Supreme Court, Appellate Division, Second Department. June 23, 1916.)

ACTION ⬥⇒50(4)—JOINDER UNDER CODE—GUARDIAN AND DEPOSITARY OF WARD'S FUNDS.

Where a guardian deposited in a bank his ward's moneys, which were appropriated by the bank to pay an individual indebtedness of the guardian, the ward could join the bank and guardian in one action to recover the amount found due in an accounting action, by applying, first, the avails of a mortgage given by the guardian on a foreclosure of it, and, secondly, by satisfying the balance from the deposit.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 524, 527; Dec. Dig. ⬥⇒50(4).]

Appeal from Special Term, Kings County.

Action by Gustav Gardner against Charles H. Gardner and others. From an order sustaining demurrer of defendant Mechanics' Bank, plaintiff appeals. Reversed, and motion for judgment on pleadings granted, with leave to demurrant to plead over.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-TON, and PUTNAM, JJ.

Carl A. Mead, of New York City, for appellant.
Arnold M. Schmidt, of Brooklyn, for respondent.

---

⬥⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

THOMAS, J. The defendant Mechanics' Bank demurred to the complaint upon the ground that two causes of action had been improperly united, one against certain of the defendants to foreclose a mortgage, and one against another defendant to recover damages in conversion. The court denied the plaintiff's motion for judgment on the pleadings and sustained the demurrer with leave to plead over on terms. Plaintiff's father, as his guardian, assumed to borrow some of his ward's estate and to secure it by mortgage covering his own land and executed by himself and wife, and he deposited moneys belonging to the estate in a trust company of which the respondent is the successor. The son became of age on January 4, 1911; on January 14, 1911, the son agreed to release to the defendant his interest in the bond and mortgage and the deposit in the bank; and on January 19, 1911, the son executed to the father a release of all claims against him as guardian, as well as against his surety. The consideration stated was $1, the mortgage, and a certain sum in the trust company. The consideration was not paid. The agreement and the release were procured by fraud on the part of the father, and, in an action between the son and father, the court adjudged them void, and gave the son judgment for $8,590.60, which the son has been unable to collect on execution.

On or about January 6, 1911, the general guardian executed to himself and wife a satisfaction of the mortgage, which recited payment, although no part of the principal had been paid and some of the interest was unpaid. This action seeks to recover the amount found due in the accounting action, first, by applying the avails of the mortgage on a foreclosure of it; second, by satisfying what may remain unpaid and due, by using so far as needed the deposit converted by the father and appropriated by the defendant bank to the payment of an indebtedness from the father to the bank. In other words, the complaint shows that the plaintiff claims to own the mortgage and the deposit, to the extent of the amount found due him in the accounting action, and that he seeks to supplement any deficiency beyond the mortgage by enforcing contribution against the bank to the extent of the deposit received by the bank in payment of an indebtedness to it. The bank owns all of the deposit save what the accounting herein may show due the plaintiff, and is interested in the disposition of the avails of the mortgage, inasmuch as it is called upon to make contribution for any deficiency that may arise. The present appeal does not at all concern the question whether the plaintiff has a maintainable cause of action against the defendants, but the demurrer assumes that it has a cause of action against each of them and that they are improperly united. The respondent is essentially interested in the remedy that the plaintiff is seeking to enforce.

The order should be reversed, with $10 costs and disbursements, and the motion for judgment on the pleadings granted, with $10 costs, with leave to the demurrant to plead over upon payment of costs. All concur.